DOE NO. 73

Self, Advocating for Doe 73

FILED
AUG 09 2013
8-9-13
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

## DIVISION

| | | |
|---|---|---|
| TCYK, LLC | ) | CASE NO. <u>1:13-cv-03837</u> |
| Plaintiff, | ) | MOTION TO QUASH SUBPOENA |
| VS. | ) | SERVED UPON CUSTODIAN OF |
| DOES 1-114, | ) | RECORDS, COMCAST CABLE |
| Defendants. | ) | HOLDINGS, LLC, AND MEMORANDUM |
| | ) | OF AUTHORITIES |

COMES NOW DOE No. 73 and states as follows:

1. Pursuant to Fed. R. Civ. P. 45(c)(3)(A), DOE 73 files this Motion to Quash Subpoena served upon Custodian of Records, Comcast Cable Holdings, LLC, because the subpoena requires disclosure of protected information and subjects DOE No. 73 to undue burden.

Additionally, the subpoena seeks information that is not relevant given Plaintiff's inability to link DOE 73 to alleged infringing activity.

2. Plaintiff filed suit in the Northern District of Illinois (Case 1:13-cv-03837) against 114 unnamed DOE defendants, who are identified in its complaint only by internet protocol (IP)

1

addresses. Plaintiff alleges that these DOE defendants have obtained a video in violation of Plaintiff's copyrights.

3. DOE No. 73 is a resident of the city of Chicago, IL. Comcast Cable Holdings, LLC is an internet service provider (ISP) that provides internet service to its customers, including DOE No. 73. Plaintiff, TCYK, LLC, on information and belief, has vested interest in the alleged infringement of particular media. Plaintiff served a subpoena on Custodian of Records, Comcast Cable Holdings, LLC, to compel the disclosure of documents to identify the name, address, telephone number, and e-mail address of DOE No. 73, so DOE No. 73 can be named as a defendant in Plaintiff's copyright infringement action. A true and correct copy of this subpoena is attached as Exhibit A.

4. DOE No. 73 has standing to move to quash the subpoena because it seeks disclosure of personal identification information considered to be confidential and over which DOE No. 73 has personal and proprietary interests. DOE No. 73 also has standing to move to quash the subpoena to protect reputational interests. FED R. CIV.P. 45(c)(3)(B) allows a person affected by, but not subject to, a subpoena to move to quash the subpoena.

5. According to the docket sheet for Plaintiff's suit, no defendant has been identified, served with process, or answered. The Northern District of Illinois thus lacks personal jurisdiction over any of the DOEs at this point. The Northern District of Illinois also lacks personal jurisdiction over DOE No. 605.

6. Plaintiff filed an ex parte application for "leave to take discovery" (before a Rule 26(f) conference) so that it could serve subpoenas on ISPs, such as Comcast Cable Holdings, LLC, to determine the internet subscriber names, addresses, and e-mail addresses associated with the IP addresses listed in its complaint. Honorable Judge Virginia M. Kendall of the Northern District of Illinois, Eastern Division, entered the order attached hereto as Exhibit B permitting service of subpoenas on ISPs. Judge Kendall did not specifically set a schedule for motions to quash by either ISPs or the DOEs. According to memoranda received by DOEs, motion to quash is to be filed prior to September 3, 2013. This motion to quash is timely filed as Comcast Cable Holding, LLC notified DOE No. 73 of the subpoena on August 6, 2013.

7. The TCYK, LLC complaint and ex parte request for leave to take discovery form yet another in a wave of suits in which copyright infringement plaintiffs seek to "tag" a defendant based solely on an IP address. However, an IP address is not equivalent to a person or entity. It is not a fingerprint or DNA evidence – indeed, far from it. In a remarkably similar case in which content producers also sought discovery to learn the identity of persons associated with IP addresses, United States District Judge Harold Baker of the Central District of Illinois denied a motion for discovery and reconsideration, holding that, "IP subscribers are not necessarily copyright infringers…The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." Order of Apr. 29, 2011, VPR Internationale v. DOES 1-1017, No. 2:11-cv-02068 (Central District of Illinois) (Judge Harold A. Baker) [hereinafter VPR Internationale Order], attached hereto as Exhibit C. The point so aptly made by Judge Baker is that there may or may not be a correlation between the individual subscriber, the IP address, and the infringing activity.

Id. The risk of false identification by ISPs based on internet protocol addresses is vividly illustrated by Judge Baker when he describes a raid by federal agents on a home allegedly linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP (in the same fashion as Plaintiff seeks to extract such information from Comcast Cable Holdings, LLC) After the raid revealed no pornography on the family computers, federal agents eventually learned they raided the wrong home. The downloads of pornographic material were traced to a neighbor who had used multiple IP subscribers' Wi-Fi connections. Id. This risk of false identification and false accusations through disclosure of identities of inherent subscribers is also presented here. Given the nature of the allegations and the material in question, should this Court force Comcast Cable Holdings, LLC to turn over the requested information, DOE No. 73 would suffer a reputational injury.

8. DOE No. 73 resided in a three story residential structure that had been subdivided into various individual sleeping rooms and common areas. DOE No. 73 was one of few several persons living in the residential structure that had an internet service provider. His personal computer and internet service connection was maintained in his residential area on the third floor of said structure. Any resident in the apartment building had access to said internet service connect and at times many persons had access to said personal computer and had ample opportunity to use DOE No. 73 IP address, for their own purposes, without detection. The likelihood that an individual, other than DOE No. 73, infringed Plaintiff's copyrights is too great to support any correlation between DOE No. 73 and the alleged violation that Plaintiff seeks to prove. Here, the risk of reputational injury to a young man from public exposure and association

4

with the TCYK, LLC allegations—even if later disproven—is too great and presents an undue burden to DOE No. 73 under FED. R. CIV. P.45(c)(3)(A)(iv).

9. If the mere act of having an internet address can link a subscriber to copyright infringement suits, internet subscribers such as DOE No. 73 will face untold reputational injuries, harassment, and embarrassment. The reputational risk that Judge Baker found to be undue burden is equally presented here: "[W]hether you're guilty or not, you look like a suspect." Id. Moreover, this case presents the same extortion risk that so concerned Judge Baker:

> "Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case." Id.

Discovery is not a game. Plaintiffs in these types of cases use discovery to extort settlements from anonymous defendants who wish to avoid the embarrassment of being publicly associated with this type of allegation. Id. Such abuse of the discovery process cannot be allowed.

10. Additionally, this subpoena should not have been issued in the first place because the information sought is not relevant to Plaintiff's allegations. Implicit in the rule granting subpoena power is a requirement that the subpoena seeks relevant information. *See Syposs v. United States,* 181 F.R.D. 224, 226 (W.D.N.Y. 1998)("the reach of a subpoena issued pursuant to [FED. R. CIV. P. 45] is subject to the general relevancy standard applicable to discovery under [FED. R. CIV. P. 26(b)(1)]."). The information linked to an IP address cannot give you the identity of the infringer. Because the infringer could have been anybody with a laptop

passing within range of the router, the information sought by Plaintiff is not relevant to the allegations in any way. Id. Moreover, even if the information has some small amount of relevance to the claim—which it does not—discovery requests cannot be granted if the quantum of relevancy is outweighed by the quantum of burden to the defendant. FED. R. CIV. P. 26(b)(2)(C)(iii). Plaintiff's request fails that balancing test. Given that DOE No. 73 was only one of many persons who could have used the IP address in question, the quantum of relevance is minuscule at best. However, as discussed above, the burden to DOE No. 73 is severe. The lack of relevance on the one hand, measured against the severe burden of risking a significant reputational injury on the other, means that this subpoena fails the Rule 26 balancing test. Id. Plaintiff's request for information is an unjustified fishing expedition that will cause reputational injury, prejudice, and undue burden to DOE No. 73 if allowed to proceed. Good cause exists to quash the subpoena served on Comcast Cable Holdings, LLC to compel the disclosure of the name, address, telephone number and e-mail address of DOE No. 73.

11. FOR THESE REASONS, DOE No. 73 requests that this Court quash the subpoena served on Comcast Cable Holdings, LLC in this matter.

DATED: August 9th, 2013

Respectfully submitted,
DOE NO. 73

*[signature]* #73

EXHIBIT A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| TCYK, LLC | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 13-cv-3837 |
| Does 1-114 | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Subpoena Compliance/Custodian of Records: Comcast Cable Holdings, LLC, c/o The Corporation Company, 600 S. Second Street, Suite 103, Springfield, IL 62704

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions of the attached Order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will provide data to you in the most efficient and cost-effective format if you inform us of your preferred format.

| Place: Hughes Socol Piers Resnick & Dym, Ltd. 70 West Madison Street, Suite 4000 Chicago, IL 60602 | Date and Time: 08/09/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: *July 10, 2013*

CLERK OF COURT

_____    OR    _____
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
TCYK, LLC _____, who issues or requests this subpoena, are:
Michael A. Hierl, Hughes Socol Piers Resnick & Dym, Ltd., 70 West Madison Street, Suite 4000, Chicago, IL 60602; mhierl@hsplegal.com; (312) 604-0067

## UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 5.1.1
## Eastern Division

TCYK, LLC

          Plaintiff,

v.

    Case No.: 1:13−cv−03837
    Honorable Virginia M. Kendall

Does 1−114

          Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, June 20, 2013:

    MINUTE entry before Honorable Virginia M. Kendall: MOTION by Plaintiff TCYK, LLC for discovery *Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference*[7] is granted. Motion hearing set for 6/26/2013 on this motion is hereby stricken. Mailed notice(tsa, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

1 of 2 DOCUMENTS

VPR INTERNATIONALE, Plaintiff, v. DOES 1 - 1017, individually and as representatives of a class, Defendants.

11-2068

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS

2011 U.S. Dist. LEXIS 64656

April 29, 2011, Decided
April 29, 2011, Filed

**CORE TERMS:** subscriber, discovery, expedited, subpoena, msnbc, copyright infringers, ex parte, adversarial process, providers, rental, raid, adult entertainment, rental car, reconsideration, interlocutory, certification, pornography, downloaded, producer, discover, neighbor, certify, leased, driver, notify

**COUNSEL:** [*1] For VPR Internationale, Plaintiff: John L Steele, LEAD ATTORNEY, STEELE HANSMEIER, PLLC, Chicago, IL; Jerald J Bonifield, Jon E Rosenstengel, BONIFIELD & ROSENSTENGEL, P.C., Belleville, IL.

**JUDGES:** HAROLD A. BAKER, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** HAROLD A. BAKER

**OPINION**

**ORDER**

The plaintiff, VPR Internationale, is a Montreal, Quebec-based producer of adult entertainment content. VPR has filed this complaint against 1,017 Doe defendants identified only by Internet Protocol ("IP") address. VPR alleges that these defendants have distributed adult videos in violation of VPR's copyrights. To determine the identity of the 1,017 alleged copyright infringers, VPR filed an *ex parte* motion for expedited discovery so that it could immediately serve subpoenas on Internet service providers ("ISPs") to determine the subscriber and location associated with each IP address. The court denied the motion for expedited discovery [9]. VPR filed an *ex parte* motion for reconsideration, which was denied on March 22, 2011, by text order.

VPR has now filed a motion to certify for interlocutory review the court's denial of its motion for expedited discovery. VPR seeks certification for one controlling question of law:

> Defendants' identifies [*2] are unknown to the Plaintiff. Instead, each Defendant is associated with an Internet Protocol (IP) address. Internet Service Providers (ISPs) know identity and contact information associated with each IP address. Is the Plaintiff to entitled to discover this information by serving ISPs with subpoenas *duces tecum* under Fed. R. Civ. P. 45?

Fed. R. Civ. P. 26(d)(1) prohibits a party from "seek[ing] discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." In this case, VPR may seek expedited discovery only by court order.

Arguing in favor of certification, VPR directs the court's attention to its motion for reconsideration. In its memorandum, VPR concedes that the relief sought falls outside traditional adversarial procedure, and states that there is no legal basis to name the ISP providers as defendants. VPR compares the Doe defendants' IP addresses to "records of *who* rented *which* car at a busy car rental agency, in that IP addresses are like cars "leased by subscribers. If a plaintiff was injured by a rental [*3] car, the plaintiff can discover the information on who leased the car from the agency by specifying the license plate of the offending vehicle and the date and time when the injury occurred. Without access to the agency's records, all the plaintiff has is the identity of the rental agency, but not who was driving the rental car." The comparison is not apt. The rental agency

owns the car and is a potential defendant, so the adversarial process would yield the driver's information. And such information is not necessarily confidential; accident reports and police records may also identify the driver.

In this case, not a single one of the plaintiff's 1,017 potential adversaries has been identified. There is no adversarial process yet. Moreover, VPR ignores the fact that IP subscribers are not necessarily copyright infringers. Carolyn Thompson writes in an MSNBC article of a raid by federal agents on a home that was linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid. Federal agents returned the equipment after determining that no one at [*4] the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi-Fi connections (including a secure connection from the State University of New York). *See* Carolyn Thompson, *Bizarre Pornography Raid Underscores Wi-Fi Privacy Risks* (April 25, 2011), http://www.msnbc.msn.com/id/42740201/ns/technology_and_science-wireless/

The list of IP addresses attached to VPR's complaint suggests, in at least some instances, a similar disconnect between IP subscriber and copyright infringer. The ISPs include a number of universities, such as Carnegie Mellon, Columbia, and the University of Minnesota, as well as corporations and utility companies. Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect, as illustrated in the MSNBC article. The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.

VPR argues that, if served with a subpoena, the ISPs are required by law to notify each targeted subscriber and the Does may then move the court to quash the [*5] subpoenas. The potential filing of a motion to quash is no reason to abandon the adversarial process. As VPR points out, *ex parte* motions for expedited discovery have been granted in similar cases in other districts; among the thousands of Does in those cases, relatively few motions to quash have been filed. In at least one case, counsel[1] has sought leave to amend the complaint to add more Doe defendants. *See Lightspeed Media Corp. v. Does 1 - 100*, Case No. 1:10-cv-05604, d/e 16 (N.D. Ill.) (seeking leave to add Does 101 - 1000 as defendants). In *Hard Drive Productions, Inc. v. Does 1 - 1000*, counsel sought leave to dismiss more than 100 Doe defendants, stating that some of the Does had "reached a mutually satisfactory resolution of their differences" with the plaintiff. *Hard Drive*, Case No. 1:10-cv-05606, d/e 33 (N.D. Ill.).[2] Orin Kerr, a professor at George Washington University Law School, noted that whether you're guilty or not, "you look like a suspect."[3] Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask [*6] whether VPR has competent evidence to prove its case.

---

1 VPR is represented by John Steele, Esq. Steele represents other adult entertainment producers in cases now (or recently) pending in the Northern and Southern Districts of Illinois.

2 In *Lightspeed*, only one defendant has been named and his case severed; the ISP subpoenas have been quashed, the other Does are dismissed, and Steele has been ordered to notify the Does that they are no longer potential defendants in the case. *See* Case No. 1:10-cv-05604, d/e 57 (N.D. Ill.).

3 MSNBC article, p. 2.

In its order denying the motion for expedited discovery, the court noted that until at least one person is served, the court lacks personal jurisdiction over anyone. The court has no jurisdiction over any of the Does at this time; the imprimatur of this court will not be used to advance a "fishing expedition by means of a perversion of the purpose and intent" of class actions. Order, d/e 9.

The motion to certify for interlocutory review [14] is denied.

Entered this 29th day of April, 2011.

/s/ Harold. A. Baker

HAROLD A. BAKER

UNITED STATES DISTRICT JUDGE



NE&TO
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

August 2, 2013

*Personal and Confidential*

*Via UPS & USPS Delivery*



  Re: TCYK, LLC v. Does 1-114
    United States District Court for the Northern District of Illinois
    Docket No.: 1:13-cv-03837
    Order Entered: June 20, 2013
    Comcast File #: 490777

Dear ▮▮▮▮▮

  TCYK, LLC has filed a federal lawsuit in the United States District Court for the Northern District of Illinois. You have been identified in our records via your assigned Internet Protocol ("IP") address, which is unique to each internet user, in this lawsuit for allegedly infringing TCYK, LLC's copyrights on the Internet by uploading or downloading content without permission. This was allegedly done using a device assigned the IP address 98.213.11.120 on 04/15/2013 01:42:54 AM GMT. The court has ordered Comcast to supply your name, address and other information to TCYK, LLC in the attached Order and accompanying Subpoena. The case has been assigned Docket Number 1:13-cv-03837 by the court. If you have any questions about the lawsuit, you should consult an attorney immediately. **Comcast cannot and will not provide any legal advice**.

  Comcast will provide your name, address, and other information as directed in the Order and Subpoena unless you or your attorney file a protective motion to quash or vacate the Subpoena in the court where the subpoena was issued **no later than September 3, 2013**. If you make this filing, you must notify Comcast in writing with a copy and proof of filing by sending it via fax to (866) 947-5587 **no later than September 3, 2013**. Please note that Comcast cannot accept or file any legal action on your behalf. If you do not file a motion to quash or vacate the Subpoena by this date, or if you fail to notify Comcast of your filing by this date, Comcast will provide your name, address and other information as directed in the Order to the Plaintiff.

  If you have legal questions about this matter, please contact an attorney.

           Sincerely yours,

           Comcast Legal Response Center

Attachments: Copy of Subpoena and accompanying Court Order regarding civil action

| IP Address | HitDate/Time (UTC) |
|---|---|
| 67.186.83.119 | 2013-04-15 05:56:16 AM |
| 71.239.27.244 | 2013-04-15 05:53:09 AM |
| 98.228.72.206 | 2013-04-15 05:55:26 AM |
| 71.239.247.180 | 2013-04-15 05:50:01 AM |
| 98.212.191.248 | 2013-04-15 05:48:48 AM |
| 98.213.246.92 | 2013-04-15 05:46:23 AM |
| 50.151.17.212 | 2013-04-15 05:43:34 AM |
| 67.173.57.138 | 2013-04-15 05:39:25 AM |
| 50.151.82.199 | 2013-04-15 05:39:17 AM |
| 71.228.53.175 | 2013-04-15 05:36:08 AM |
| 98.223.94.220 | 2013-04-15 05:34:26 AM |
| 98.226.10.244 | 2013-04-15 05:19:43 AM |
| 67.173.152.133 | 2013-04-15 05:24:11 AM |
| 76.16.52.24 | 2013-04-15 05:17:14 AM |
| 98.228.38.110 | 2013-04-15 05:19:06 AM |
| 76.29.73.45 | 2013-04-15 05:17:50 AM |
| 98.193.64.186 | 2013-04-15 05:11:25 AM |
| 98.220.195.144 | 2013-04-15 05:10:29 AM |
| 98.193.75.124 | 2013-04-15 05:06:13 AM |
| 24.14.102.109 | 2013-04-15 05:07:44 AM |
| 67.167.209.89 | 2013-04-15 04:56:27 AM |
| 98.220.81.197 | 2013-04-15 04:54:48 AM |
| 69.136.5.240 | 2013-04-15 04:54:33 AM |
| 67.175.224.152 | 2013-04-15 04:51:38 AM |
| 50.151.214.146 | 2013-04-15 04:55:23 AM |
| 98.227.204.176 | 2013-04-15 04:47:21 AM |
| 76.16.231.0 | 2013-04-15 04:43:48 AM |
| 24.13.165.55 | 2013-04-15 04:41:07 AM |
| 67.173.173.67 | 2013-04-15 04:37:13 AM |
| 67.173.134.73 | 2013-04-15 04:34:16 AM |
| 98.206.43.100 | 2013-04-15 04:29:09 AM |
| 24.1.35.2 | 2013-04-15 04:28:04 AM |
| 24.13.171.224 | 2013-04-15 04:24:55 AM |
| 67.167.252.222 | 2013-04-15 04:24:42 AM |
| 24.12.205.131 | 2013-04-15 04:18:40 AM |
| 71.239.124.125 | 2013-04-15 03:58:20 aM |
| 71.239.252.89 | 2013-04-15 03:55:15 AM |
| 98.193.74.82 | 2013-04-15 03:53:01 AM |
| 24.14.185.149 | 2013-04-15 03:52:36 AM |
| 98.215.198.209 | 2013-04-15 03:47:15 AM |
| 50.129.252.140 | 2013-04-15 03:51:54 AM |
| 98.220.25.53 | 2013-04-15 03:46:56 AM |
| 68.58.71.230 | 2013-04-15 03:48:27 AM |
| 67.165.149.36 | 2013-04-15 03:38:56 AM |
| 98.253.173.127 | 2013-04-15 03:36:42 AM |
| 71.239.124.24 | 2013-04-15 03:37:15 AM |

| IP Address | Timestamp |
| --- | --- |
| 76.29.100.167 | 2013-04-15 03:32:57 AM |
| 67.163.23.152 | 2013-04-15 03:27:43 AM |
| 98.212.2.91 | 2013-04-15 03:25:42 AM |
| 98.227.115.131 | 2013-04-15 03:24:24 AM |
| 24.15.134.148 | 2013-04-15 03:21:25 AM |
| 24.13.168.217 | 2013-04-15 03:20:02 AM |
| 24.1.247.121 | 2013-04-15 03:19:47 AM |
| 71.194.119.125 | 2013-04-15 03:11:35 AM |
| 24.1.70.71 | 2013-04-15 03:07:19 AM |
| 98.228.2.95 | 2013-04-15 03:07:06 AM |
| 24.12.23.129 | 2013-04-15 02:56:39 AM |
| 98.226.118.64 | 2013-04-15 02:55:42 AM |
| 71.194.168.24 | 2013-04-15 02:41:47 AM |
| 50.148.78.39 | 2013-04-15 02:40:03 AM |
| 67.163.24.143 | 2013-04-15 02:39:35 AM |
| 98.212.189.132 | 2013-04-15 02:36:35 AM |
| 24.15.71.252 | 2013-04-15 02:35:38 AM |
| 24.12.233.192 | 2013-04-15 02:26:51 AM |
| 50.151.223.180 | 2013-04-15 02:22:48 AM |
| 98.213.43.236 | 2013-04-15 02:16:15 AM |
| 71.194.234.146 | 2013-04-15 02:12:41 AM |
| 50.148.84.58 | 2013-04-15 02:05:14 AM |
| 98.226.254.63 | 2013-04-15 01:54:02 AM |
| 67.184.207.79 | 2013-04-15 01:54:04 AM |
| 24.15.139.27 | 2013-04-15 01:53:18 AM |
| 71.193.103.161 | 2013-04-15 01:44:47 AM |
| 98.213.11.120 | 2013-04-15 01:42:54 AM |
| 71.239.160.245 | 2013-04-15 01:38:47 AM |
| 98.212.213.122 | 2013-04-15 01:31:34 AM |
| 67.184.42.203 | 2013-04-15 01:33:58 AM |
| 71.239.200.31 | 2013-04-15 01:28:26 AM |
| 98.213.45.85 | 2013-04-15 01:32:13 AM |
| 71.239.7.226 | 2013-04-15 01:26:52 AM |
| 67.186.100.123 | 2013-04-15 01:23:44 AM |
| 24.12.65.93 | 2013-04-15 01:22:09 AM |
| 76.29.56.104 | 2013-04-15 01:19:10 AM |
| 67.173.60.172 | 2013-04-15 01:22:20 AM |
| 24.12.182.1 | 2013-04-15 01:12:28 AM |
| 71.194.33.181 | 2013-04-15 01:14:40 AM |
| 50.129.130.27 | 2013-04-15 01:09:20 AM |
| 67.162.6.252 | 2013-04-15 01:11:17 AM |
| 50.151.254.62 | 2013-04-15 01:07:47 AM |
| 98.226.10.27 | 2013-04-15 01:06:15 AM |
| 98.223.217.161 | 2013-04-15 01:02:17 AM |
| 50.151.171.83 | 2013-04-15 12:55:35 AM |
| 98.227.40.195 | 2013-04-15 12:53:43 AM |
| 98.222.43.34 | 2013-04-15 12:55:43 AM |

Handwritten annotation next to "98.213.11.120": 13

| IP Address | Timestamp |
|---|---|
| 24.12.116.114 | 2013-04-15 12:50:14 AM |
| 98.228.168.121 | 2013-04-15 12:46:31 AM |
| 98.222.72.33 | 2013-04-15 12:48:15 AM |
| 98.226.224.31 | 2013-04-15 12:43:29 AM |
| 24.13.197.7 | 2013-04-15 12:46:45 AM |
| 98.253.115.191 | 2013-04-15 12:41:57 AM |
| 71.57.115.115 | 2013-04-15 12:37:18 AM |
| 50.129.153.107 | 2013-04-15 12:31:37 AM |
| 98.213.188.231 | 2013-04-15 12:39:51 AM |
| 98.213.9.207 | 2013-04-15 12:14:26 AM |
| 98.206.217.92 | 2013-04-15 12:13:41 AM |
| 98.193.67.8 | 2013-04-15 12:11:36 AM |
| 76.16.3.65 | 2013-04-15 12:04:34 AM |
| 67.174.6.188 | 2013-04-15 12:04:08 AM |
| 50.129.180.131 | 2013-04-15 12:06:59 AM |
| 98.253.105.129 | 2013-04-15 12:00:16 AM |

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

(c) Protecting a Person Subject to a Subpoena.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt. The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).