That UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TCYK, LLC, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Docket No. 1:13-cv-03837 |
| JOHN DOES 1-114, | ) ) ) |
| Defendant. | ) ) ) |

FILED
AUG 26 2013
THOMAS G. BRUTON
CLERK U.S. DISTRICT COURT

## MOTION TO DISMISS/SEVER AND FOR A PROTECTIVE ORDER AND/OR TO QUASH SUBPOENA

John Doe #4 ("Defendant"), filing *pro se*, hereby moves to dismiss the above-referenced subpoena for lack of jurisdiction and for failure to follow established law.

### INTRODUCTION

Defendant's Internet Service Provider, Comcast, forwarded a copy of the above-referenced Subpoena to Defendant, with instructions that Defendant must file a Motion to Quash in this Court by September 3, 2013, or Comcast would reveal Defendant's name, address, "and other information as directed in the Order and Subpoena." As demonstrated below, Plaintiff's involvement of the court in this allegation is misguided at best and an abuse of the court's process at worst.

## **ARGUMENT**

1. **Plaintiff Failed to Follow Established Copyright Law**

Plaintiff alleged in the Complaint for Copyright Infringement ("Complaint") that led to the instant Subpoena that Defendant, along with 113 other "John Does," had downloaded the movie "The Company You Keep" using Defendants' respective Internet service providers. However, Section 512(c)(3) of the Copyright Act, 17 U.S.C. § 512(c)(3), enacted as the Digital Millennium Copyright Act ("DMCA"), provides step by step instructions for copyright owners or their agents to follow if they believe their copyrighted material has been infringed by an Internet user. Specifically, these instructions are as follows:

> (3) ELEMENTS OF NOTIFICATION. —
>
> (A) To be effective under this subsection, a notification of claimed infringement must be a written communication provided to the designated agent of a service provider that includes substantially the following:
>
> (i) A physical or electronic signature of a person authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.
>
> (ii) Identification of the copyrighted work claimed to have been infringed, or, if multiple copyrighted works at a single online site are covered by a single notification, a representative list of such works at that site.
>
> (iii) Identification of the material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate the material.
>
> (iv) Information reasonably sufficient to permit the service provider to contact the complaining party, such as an address, telephone number, and, if available, an electronic mail address at which the complaining party may be contacted.
>
> (v) A statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.

1

> (vi) A statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

17 U.S.C. § 512(c)(3). Therefore, if Plaintiff's goal was to protect the copyrighted material, it would have provided Comcast with written notice of the alleged infringement pursuant to the DMCA. There is no indication in the Complaint that this was ever done. Defendant, for its part, never received notice from Comcast that it had allegedly engaged in copyright infringement despite such notices being an established part of Comcast's service.[1] Even the address used in the Subpoena is different from the one established by Comcast, and listed on its website, for allegations of copyright infringement.[2]

The fact that a DMCA notice was never provided combined with the fact that there are cases such as this all over the United States, with none of them proceeding beyond the copyright owner's agent receiving ISP subscribers' names and contact information, should make it clear to the court that the Plaintiff has no intention of litigating the alleged infringements cited in this proceeding. Rather, Plaintiff, or its attorney, simply wants the names, addresses and phone numbers of ISP users so that it can send threatening letters and/or make threatening phone calls directing the ISP users to pay a settlement amount or risk expensive litigation (with the ISP users

---

[1] *See* Acceptable Use Policy for XFINITY Internet,
http://www.comcast.com/Corporate/Customers/Policies/HighSpeedInternetAUP.html (last visited Aug. 21, '13).

[2] *Id.* Pursuant to Comcast's Acceptable Use Policy, notices of copyright infringement are to be sent to:
M. Moleski/DMCA Notifications
Comcast Cable Communications, LLC
1800 Bishops Gate Drive
Mount Laurel, NJ 08054 U.S.A.
Phone: 888.565.4329
Fax: 856.324.2940
Email: dmca@comcast.net
Nevertheless, the instant Subpoena was sent to a Comcast address in Springfield, IL.

not having any knowledge of how unlikely that is). As the District Court for the Eastern District of Virginia found recently:

> This course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does.[3]

Likewise, the U.S. District Court for the Northern District of California concluded that the "plaintiffs in these cases appear content to force settlements without incurring any of the burdens involved in proving their cases."[4] In February 2012, Judge Lucy Koh of the U.S. District Court for the Northern District of California issued an Order in a proceeding very similar to the present one – and the many others cited herein involving attempts to obtain ISP subscribers' personal information – directing the plaintiff's counsel to file a declaration providing, *inter alia*, "A list of the BitTorrent copyright infringement cases involving multiple joined John Doe Defendants filed [sic] Plaintiff's counsel's law firm or predecessor firm in federal court. ... For each case, indicate how many Doe Defendants were actually served."[5] The response? "Although our records indicate that we have filed suits against individual copyright infringement defendants, our records indicate that no defendants have been served in the below-listed cases."[6] Meanwhile, the list of cases filled two pages, single spaced, with one case on each line.

2. **The Court Lacks Jurisdiction**

Section 2-619(a) of the Illinois Code of Civil Procedure, 735 ILCS 5/2-619, states that a defendant may "file a motion for dismissal of the action ..." on grounds "[t]hat the court does

---

[3] *K-Beech, Inc. v. John Does 1-85, MO&O*, Case No. 3:11cv469-JAG (E.D. Va. Oct. 5, 2011).

[4] *Patrick Collins, Inc. v. Does 1-1,219, Order*, Case No. 4:10-cv-04468-LB (N.D. Cal. Aug. 29, 2011).

[5] *AF Holdings LLC v. Does 1-135, Minute Order*, Case No. 11-CV-03336-LHK (N.D. Cal. Feb. 22, 2012).

[6] Response filed Feb. 24, 2012.

3

not have jurisdiction of the subject matter of the action...." The Plaintiff has failed to demonstrate any basis by which this court has jurisdiction over Defendant. Courts have recognized in the past that "the ISP subscriber to whom a certain IP address was assigned may not be the same person who used the Internet connection for illicit purposes."[7] Furthermore, there is no single time by which all Internet activities are based. Accordingly, while the Subpoena uses Coordinated Universal Time ("UTC"), the Plaintiff has failed to demonstrate that the Internet Service Providers identified for each IP address utilize this same time stamp method.

Section 2-209(a) of the Illinois Code of Civil Procedure, 735 ILCS 5/2-209, enumerates the basis by which jurisdiction can be established in an Illinois court. Plaintiff has not demonstrated that any of these bases have been met for John Doe #4. The burden of demonstrating personal jurisdiction falls on the Plaintiff in any proceeding – as has been the case ever since the Due Process Clause was enacted. No defendant, whether corporation or individual, should be forced to abide by the decisions of a court in which they had no reasonable expectation of being subjected. As noted years ago by the U.S. Supreme Court in *World-Wide Volkswagen Corp. v. Woodson,* "the foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being hailed into court there."[8] Due to the fact that the Plaintiff doesn't even know if Doe Defendants live in Illinois, it tries to argue that all such defendants should have an expectation of being sued in the present court simply because "they downloaded copyrighted

---

[7] *See K-Beech, Inc. v. John Does 1-41, MO&O,* Civ. Action No. V-11-46 (S.D. Tex. March 8, 2012), citing *SBO Pictures, Inc. v. Does 1-3036,* 2011 WL 6002620 (N.D. Cal. Nov. 30, 2011).

[8] 444 U.S. 286, 297 (1980).

content from or uploaded it to Illinois residents located in the District."[9] , as is the case with the Subpoena, takes time and can easily result in identifying the "wrong" subscriber.

There is no single time by which all Internet activities are based. Accordingly, while the Subpoena uses Coordinated Universal Time ("UTC") time stamp, the Complaint doesn't provide any evidence that the Internet Service Providers identified for the 114 John Does all use UTC as opposed to Central Standard Time, Greenwich Mean Time or something else. As a result, the ISPs listed in the Complaint must theoretically convert UTC time to CST (or other) in order to attempt to identify the correct subscriber if they do not use UTC time stamps. Even when that is done, a span of sixty (60) seconds, as in the case of the Subpoena, can result in identifying many different subscribers. This is due to the fact that many ISPs use dynamic IP addresses for their subscribers – meaning that an individual subscriber is not "assigned" to a single IP address. Many ISPs have a range of IP addresses and they are randomly assigned to, and rotated among, many subscribers.

If John Doe #4's personal information was disclosed pursuant to this Subpoena based on Comcast's calculation of the time identified, and that time happened to be even a few seconds different from the time that the alleged misconduct took place, not only would John Doe #4 be subjected to the ongoing burden of defending itself in this matter,[10] but also the goal of protecting copyrighted material would have been a complete miss. Furthermore, other courts

---

[9] Complaint at ¶ 6.

[10] *See, e.g., Memorandum of Law in Support of Defendant John Doe 148's Motion to Dismiss or Sever the Matter, Quash, and For a Protective Order*, Case No. 11-CV-8170-CM at pp.4-5 (S.D.N.Y. Feb. 3, 2012) (John Doe 148 describes receiving a letter from a law firm alleging he engaged in copyright infringement and advising him that he can "settle the case" for $1,500 or risk a lawsuit in which he would face charges of $25,000 or more.). *See also, Brief of Amici Curiae Electronic Frontier Foundation et. al.*, Case No. 1:12-cv-00048 at p. 19 (BAH) (D.D.C. Mar. 13, 2012) ("Given the harm that can come from a false or erroneous accusation, this Court should require more.")

have recognized that "the ISP subscriber to whom a certain IP address was assigned may not be the same person who used the Internet connection for illicit purposes."[11]

### 3. Plaintiff's Joinder of 114 Unrelated Defendants in this Matter is Improper

If Plaintiff wishes to pursue legal action against multiple individuals, it must do so only with the Court's authority. Pursuant to Federal Rule of Civil Procedure 20(a)(2), permissive joinder of multiple defendants is appropriate where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Some courts have recently concluded that it is inappropriate to join more than one defendant in cases such as this.[12]

Section 2-301 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-301, provides that "a party may object to the court's jurisdiction over the party's person ... on the ground of ... insufficiency of service of process, by filing ... a motion to quash service of process." Furthermore, Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."[13] Joinder is not appropriate here because Defendants' actions do not arise out of the same transaction or

---

[11] *K-Beech* at p. 7, citing *SBO Pictures*, 2011 WL 6002620, at *3.

[12] *See Liberty Media Holdings, LLC v. Bittorrent Swarm, Opinion and Order*, Case No. 1:11-cv-21567-KMM (S.D. Fla. Nov. 1, 2011) (dismissing all claims against severed defendants and dismissing all subpoenas against the severed defendants). *See also, SBO Pictures, Inc. v. Does 1-3036*, 2011 WL 6002620 (N.D. Cal. Nov. 30, 2011); *Third Degree Films v. Does 1-3577*, 2011 WL 5374569 (N.D. Cal. Nov. 4, 2011); *AF Holdings, LLC v. Does 1-97*, 2011 WL 5195227 (N.D. Cal. Nov. 1, 2011); *Hard Drive Prods., Inc. v. Does 1-30*, 2011 WL 4915551 (E.D. Va. Oct. 17, 2011); *Lightspeed v. Does 1-1000*, 2011 U.S. Dist. LEXIS 35392 (N.D. Ill. Mar. 31, 2011).

[13] *K-Beech, Inc. v. John Does 1-41, MO&O*, Civ. Action No. V-11-46 (S.D. Tex. March 8, 2012 at II.A.), *citing* FED. R. CIV. P. 21.

occurrence: allegedly downloading the same movie – admittedly at different locations and at different times with nothing else in common – is insufficient.

## CONCLUSION

Defendant John Doe #4 requests that the Court sever and dismiss all claims against John Doe #4 and that the Court quash the Subpoena, granting such other further relief as the Court may deem appropriate.

Respectfully submitted,

JOHN DOE #4


By: _____
John Doe #4